**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHARISSE JUANITA FILUS | : | |
| | : | |
| v. | : | No. 2:25-cv-03176 |
| | : | |
| FIDELITY INVESTMENTS, INC. | : | |
| | : | |

**<u>MEMORANDUM</u>**

On June 18, 2025, Sharisse Filus (Plaintiff) filed a *pro se* complaint against Fidelity Investments, Inc. (Fidelity), challenging Fidelity's allegedly "arbitrary and unlawful seizure of [Plaintiff's] lawfully deposited U.S. Treasury-issued refund check[.]" Complaint at ¶ 1 (Dkt. 2). The Complaint asserts Plaintiff deposited a "U.S. Treasury refund check from the Internal Revenue Service (IRS) into a trust account at Fidelity" on May 6, 2025. *Id.* at ¶ 11 (emphasis removed). Plaintiff explains in her Complaint that she "initiated a $500,000 transfer from the trust account" the following month, and Fidelity "froze the account, labeling the cleared IRS refund 'potentially fraudulent.'" *Id.* at ¶ 14 (emphases removed). Plaintiff later filed an Amended Complaint. *See* Amended Complaint (Dkt. 18).[1] The amount originally deposited in the trust's Fidelity Investment account—called the "SJF Living Revocable Trust"—is approximately $3.6 million. *See id.* at ¶ 1.

This Court held a Rule 16 conference on January 15, 2026, at which Plaintiff represented:

---

[1]     Because of Petitioner's numerous filings, it is difficult to ascertain which is the operative complaint. However, this second Amended Complaint appears to be operative.

1.  The subject Fidelity Account is a trust account;
2.  [Plaintiff] is the beneficiary of the account;
3.  [Plaintiff] is a trustee in addition to being the beneficiary of the account; and
4.  [Plaintiff] is not the sole trustee of the account[.]"

Order, 1/22/2026 (Dkt. 65); *see also* Rule 16 Hearing Transcript, 1/15/2026, at 3–5 (Dkt. 62). This Court subsequently ordered Plaintiff to provide a copy of the trust, docketed under seal, by February 4, 2026. *See id.* The Court further explained that the unauthorized practice of law is prohibited, and a "non-attorney cannot represent a trust except under a few narrow exceptions." *Id.* at n.1. Whether Plaintiff had the right to self-representation, this Court noted, depended on the specific terms of the trust. Therefore, the Court warned Plaintiff that "[f]ailure to provide the required documentation will lead this Court to conclude this is the ordinary case in which a non-attorney cannot appear on behalf of a trust, which would lead to a conclusion that this case cannot proceed without counsel appearing for Plaintiff." *Id.*

On February 12, 2026, after Plaintiff failed to provide a copy of the trust, this Court stayed these proceedings for 45 days to permit Plaintiff to obtain counsel. *See* Order, 2/12/2026 (Dkt. 69). The Court also cautioned Plaintiff that "[i]f counsel does not enter an appearance on Plaintiff's behalf on or before April 1, 2026, this matter will be dismissed." *Id.*

April 1st has come and gone, and no counsel has made an appearance on Plaintiff's behalf. Accordingly, dismissal is proper. Notably, the Third Circuit has already addressed the propriety of Plaintiff proceeding *pro se* in this matter. Plaintiff sought a writ of mandamus before that Court, asking it to "'[v]acate all adverse

rulings, orders, and actions taken by the district court against [Plaintiff],' grant 'final judgment in [Plaintiff's] favor on all claims,' and grant her $100,000,000 in compensatory and punitive damages." *In re: Sharisse Juanita Filus, as Tr. &/or Beneficiary of the SJF Living Revocable Tr., Petitioner*, No. 26-1019, 2026 WL 788892, at *2 (3d Cir. Mar. 20, 2026). The Third Circuit did not grant relief. *See id.* at *3.

Relevant here, the panel *denied* the writ to the extent she brought it on her own behalf, but *dismissed* the writ to the extent she sought to vindicate the interests of the trust, without considering supplement filings on behalf of the trust. *See id.* at *2 n.1, *3. By way of explanation, the Circuit Court emphasized it is "well-settled that 'artificial entitles' such as corporations and trusts 'may appear in federal courts only through licensed counsel.'" *Filus*, 2026 WL 788892, at *2 n.1 (*citing Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustees *pro se*' has no right to represent another entity, *i.e.*, a trust, in a court of the United States."); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (concluding that a *pro se* litigant who filed an action as trustee on behalf of a trust "ha[d] no authority to appear as an attorney for others than himself")).

Admittedly, "[u]nder appropriate circumstances, it may be possible for a trust to be represented by a sole beneficiary under applicable law." *In re Pantagis*, 672 B.R. 73, 84 (Bankr. D.N.J. 2025). Plaintiff, however, has not provided this Court with the information necessary to determine whether Plaintiff may represent the trust *pro*

3

*se.* Plaintiff failed to provide any documentation by the Court's February 4, 2026 deadline.[2] Instead, Plaintiff recently filed a "Submission of Redacted Trust Document Under Formal Objection and Preservation of All Rights," Dkt. 71, which contained 20 solidly blacked-out redacted pages. *See* Certified Declaration of Living Trust Indenture at 2–21 (Dkt. 71-1). The unredacted first page states the "trust indenture" is made between Plaintiff as "Settlor/Grantor" and Plaintiff as "'Trustee' an Principle *Sui Juris* (collectively and is for the sole purpose of announcing the Status, Religious Society, Nationality, Birthright, Rights, Hereditaments, et al applicable, of and or for the 'Settlor(s)' and their Trustor(s), Assignor(s), Consignor(s), Beneficiary(s), or any household dwellers as the Settlor(s) deems fit[.]" *Id.* at 1 (irregularities in original).

Two observations are in order. First, the document references other trustees or beneficiaries. This suggests *pro se* representation of the trust is inappropriate. Second, although the document uses legal terminology, it is at times difficult to discern intelligible meaning from the words. It is also untethered from the established legal frameworks typically seen in trust documents.[3] This causes the Court to view the document's legitimacy with suspicion.

In short, Plaintiff has failed to "provide the required documentation[,] lead[ing] this Court to conclude this is the ordinary case in which a non-attorney cannot appear

---

[2]     Plaintiff filed an objection to requiring this disclosure. *See* Objection to Order (Dkt. 66).

[3]     For example, the document purports to be "subject to the Declaration of Independence (1776), the Articles of Confederation (1777), the Constitution for the united states of America and the Bill of Rights (1791), and over 225 years of American case law (i.e., Common law), both prior to and after the undeclared federal, corporate United States government bankruptcies of 1930-1938, and International Law & Treaties[,]" and further asserts the trust "shall be originally domiciled in the jurisdiction of the Pennsylvania state Republic[.]" *Id.*

on behalf of a trust[.]" Order, 1/22/2026 n.1. Accordingly, the "case cannot proceed without counsel appearing for Plaintiff." *Id.* To date, counsel has not entered an appearance to represent Plaintiff.

For the foregoing reasons, Plaintiff's Amended Complaint will be dismissed. An appropriate order follows.

DATED: April 7, 2026

BY THE COURT:

_____

GAIL WEILHEIMER            J.